IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL K. MILLER, :
:
   Plaintiff, :
:
:
v. : Civil Action No. 13-315
:
:
OFFICE OF CHILDREN, YOUTH :
And FAMILIES OF ALLEGHENY :
COUNTY and THE HONORABLE :
JUDGE DONALD WALKO, :
:
   Defendants. :

                            **SECOND AMENDED COMPLAINT IN CIVIL ACTION**

                            Filed on behalf of Plaintiff:
                            DANIEL K. MILLER

                            Counsel of Record for this Party:
                            LAUREN DARBOUZE
                            PA I.D. No. 93971

                            Law Office of Lauren Darbouze
                            651 Holiday Drive, Suite 300
                            Foster Plaza Five
                            Pittsburgh, PA 15220
                            (412) 849-6831

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL K. MILLER, :
:
   Plaintiff, :
:
:
v. : Civil Action No. 13-315
:
:
OFFICE OF CHILDREN, YOUTH :
And FAMILIES OF ALLEGHENY :
COUNTY and THE HONORABLE :
JUDGE DONALD WALKO, :
:
   Defendants. :

## SECOND AMENDED COMPLAINT IN CIVIL ACTION

The Plaintiff, Daniel K. Miller alleges:

### NATURE OF THE ACTION

1. This action is brought by the Plaintiff, Daniel K. Miller, to enforce the provisions of 42 U.S.C. §1983 and related state claims.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1343.

3. Venue is appropriate pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred in this judicial district.

### PARTIES

4. The Defendant, Office of Children, Youth and Families of Allegheny County, is a local government entity with an office for its Deputy Director located at One Smithfield Street, Pittsburgh, Pennsylvania.

5. The Defendant also has eight (8) regional offices in the Western Pennsylvania area, including the Mon Valley Regional Office located at 332 Fifth Avenue, McKeesport, Pennsylvania.

6. The primary activity of the Defendant is to provide a wide range of preventive, protection, and supportive services to work with children and families, with emphasis on family preservation. The Defendant provides direct services through caseworkers, case aides, and a network of contracted agencies.

7. The Defendant, the Honorable Judge Donald Walko, is currently sitting on the bench of the Court of Common Pleas of Allegheny County Family Division. The Defendant Judge Walko terminated the parental rights of Plaintiff and Natural Mother, Virginia DiCesare.

8. The Plaintiff is Daniel K. Miller, an individual, who had a minor child, Hailey Miller, removed from his custody by Defendant and his parental rights subsequently terminated.

## FACTUAL ALLEGATIONS

9. On September 17, 2010, Defendant took custody of Plaintiff's minor child due to lack of cleanliness in his home.

10. On September 20, 2010, Defendants had a 72 hour shelter hearing.

11. Defendants gave Plaintiff and Natural Mother a Family Service Plan to follow in order to regain custody of the minor child.

12. Plaintiff and Natural Mother complied with each requirement of the family service plan, namely cleaning their residence, attending parenting classes, and cooperating with every request of Defendant.

13. The natural parents had complied with the Family Service Plan Goals and

had met each of the goals for reunification.

14. Defendant clearly stated that they had no intention of returning the minor child to Plaintiff's custody.

15. On December 6, 2011, the case was scheduled for a review hearing. At no point was a TPR Hearing discussed or mentioned.

16. On December 9, 2011, Plaintiff's parental rights were terminated during state court proceedings. No hearing occurred on that date. Plaintiff was not afforded the opportunity to present testimony or evidence on his behalf. Defendant merely entered an Order of Termination.

17. Defendant failed to provide Plaintiff notice of said hearing, therefore, Plaintiff was not permitted to participate.

18. On December 9, 2011, Defendant acted with clear intent to prevent the Plaintiff from testifying in his own defense and denied the Plaintiff any opportunity for his response to be heard in the courtroom.

19. The Order of December 9, 2011, rules on a petition where no opportunity to present testimony and evidence was provided.

20. Further, Defendants failed to present sufficient evidence at trial to establish that the conditions which led to the removal or placement of the child continue to exist and that termination of parental rights would best serve the needs and welfare of the child.

21. Further, Defendant failed to make good faith efforts to promote reunification of Father and the minor child.

22. In addition, Defendant took affirmative actions to prevent reunification of Plaintiff and the minor child.

23. Defendant failed to prove that terminating Plaintiff's parental rights did not serve the needs and welfare of the child.

24. Defendant was determined to prevent the Plaintiff from being heard in the courtroom as the testimony, evidence and exhibits will expose the improper, unethical and illegal actions of the Defendant's personnel.

25. As a result, an order was entered without Plaintiff being notified or being present at the hearing.

26. Defendant never notified Plaintiff that his rights had been terminated. Plaintiff learned of the termination through an Aubrele Foster Care caseworker when attempting to schedule a visit with the minor child.

27. Plaintiff then had to fight with Defendant to even obtain a copy of the Order of Termination.

### FIRST CLAIM FOR RELIEF

28. By the actions referred to in the foregoing paragraphs, Defendants have:

   a. Violated Plaintiff's 4th and 14th Amendment rights under 42 U.S.C. §1983, robbing Plaintiff of liberty and privacy interests in the parent-child relationship.

29. Defendant CYF had a policy to require Plaintiff to comply with the Family Service Plan. Under the policy, if Plaintiff complied with the family service plan, custody should have been returned to Plaintiff.

30. Plaintiff went above and beyond all that was required under the Family Service Plan and Defendant CYF still pursued termination of parental rights.

31. This amounted to a deliberate indifference to Plaintiff's constitutional rights as a parent.

32. Further, Defendant CYF failed to provide Plaintiff with notice of the Termination of Parental Rights hearing, in direct violation of his 14th Amendment Due Process rights.

33. Plaintiff, Natural Mother and the minor child have suffered and continue to suffer damages as a result of Defendants' discriminatory conduct.

34. The actions of the Defendants were intentional, willful and taken in disregard of the federally protected rights of Plaintiff, Natural Mother and the minor child.

## SECOND CLAIM FOR RELIEF

35. By the actions referred to in the foregoing paragraphs, Defendants have:

   a. Violated Plaintiff's 5th Amendment right under 42 U.S.C. §1983, infringing on his right to due process.

36. The actions of Defendants alleged herein constitute a denial of rights granted by the 5th Amendment.

37. The actions of Defendants have caused Plaintiff to suffer injury and damages as a result of Defendants violation.

38. Plaintiff was not afforded the opportunity to present a defense against Defendant CYF's allegations.

39. Plaintiff's parental rights were terminated in his absence as he was not provided proper notice of the state court proceedings.

40. The discriminatory actions of Defendants were intentional, willful and taken in disregard of the federally protected rights of others.

WHEREFORE, Daniel K. Miller, Plaintiff, prays that this Court enters an Order that:

1. Declares the actions of Defendants, as alleged herein, violated Plaintiff's 4th, 5th and 14th Amendment rights under 42 U.S.C. §1983.

2. Awards compensatory damages and punitive damages as permitted under

42 U.S.C. §1983 to Plaintiff for the significant and irreparable harm caused by Defendants' discriminatory and unlawful practices.

3. Assess a civil penalty against Defendants in an amount authorized by this 42 U.S.C. §1983 in order to vindicate the public interest.

4. Award counsel fees as permitted under 42 U.S.C. §1983.

5. Return custody of the minor child to Plaintiff and Natural Mother.

Respectfully Submitted:

_/s/ Lauren Darbouze_
Lauren Darbouze, Esquire
Counsel for Plaintiff

## VERIFICATION

I, Daniel K. Miller, verify that the statements made in this Complaint in Civil Action are true and correct. I understand that false statements herein are made subject to the Penalties of P.A. C.S. Section 4904, relating to unsworn falsification to authorities.

*Daniel K. Miller*
Daniel K. Miller