IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL K. MILLER,<br><br>   Plaintiff,<br><br>vs.<br><br>OFFICE OF CHILDREN, YOUTH and FAMILIES OF ALLEGHENY COUNTY and THE HONORABLE JUDGE DONALD WALKO,<br><br>   Defendants. | Civil Action No. 13-315<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

Upon consideration of the Honorable Donald Walko's Motion to Dismiss and Brief in Support (Docket Nos. 16, 17), Plaintiff's Brief in Response (Docket No. 18), and in light of the allegations in Plaintiff's Second Amended Complaint, (Docket No. 8), which are taken as true and viewed in the light most favorable to Plaintiffs, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), Defendant Walko's Motion to Dismiss [16] is GRANTED for the reasons that follow.

The Second Amended Complaint filed on April 1, 2013, alleged Plaintiff's parental rights were wrongfully terminated by the Defendants as:

> On September 17, 2010, Defendant took custody of Plaintiff's minor child due to lack of cleanliness in his home. On September 20, 2010, Defendants had a 72 hour shelter hearing. Defendants gave Plaintiff and Natural Mother a Family Service Plan to follow in order to regain custody of the minor child. Plaintiff and Natural Mother complied with each requirement of the family service plan, namely cleaning their residence, attending parenting classes, and cooperating with every request of Defendant. The natural parents had complied with the Family Service Plan Goals and had met each of the goals for reunification. Defendant clearly stated that they had no intention of returning the minor child to Plaintiff's custody.

> On December 6, 2011, the case was scheduled for a review hearing. At no point was a TPR Hearing discussed or mentioned. On December 9, 2011, Plaintiff's parental rights were terminated during state court proceedings. No hearing occurred on that date. Plaintiff was not afforded the opportunity to present testimony or evidence on his behalf. Defendant merely entered an Order of Termination. Defendant failed to provide Plaintiff notice of said hearing, therefore, Plaintiff was not permitted to participate. On December 9, 2011, Defendant acted with clear intent to prevent the Plaintiff from testifying in his own defense and denied the Plaintiff any opportunity for his response to be heard in the courtroom. The Order of December 9, 2011, rules on a petition where no opportunity to present testimony and evidence was provided.
>
> Further, Defendants failed to present sufficient evidence at trial to establish that the conditions which led to the removal or placement of the child continue to exist and that termination of parental rights would best serve the needs and welfare of the child. Further, Defendant failed to make good faith efforts to promote reunification of Father and the minor child. In addition, Defendant took affirmative actions to prevent reunification of Plaintiff and the minor child. Defendant failed to prove that terminating Plaintiff's parental rights did not serve the needs and welfare of the child. Defendant was determined to prevent the Plaintiff from being heard in the courtroom as the testimony, evidence and exhibits will expose the improper, unethical and illegal actions of the Defendant's personnel.
>
> As a result, an order was entered without Plaintiff being notified or being present at the hearing. Defendant never notified Plaintiff that his rights had been terminated. Plaintiff learned of the termination through an Aubrele Foster Care caseworker when attempting to schedule a visit with the minor child. Plaintiff then had to fight with Defendant to even obtain a copy of the Order of Termination.

(Docket No. 8 at ¶¶ 9-27). Against this backdrop, Plaintiff claims that Defendants violated his 4th, 5th, and 14th Amendment rights, and seeks damages pursuant to 42 U.S.C. §1983. (Docket No. 8). Plaintiff also prays for monetary, compensatory and punitive damages, attorney fees, and custody of the minor child. (*Id.*).

Defendant Honorable Judge Walko filed a Motion to Dismiss primarily averring that: he has immunity in his official capacity under the Eleventh Amendment; he is not a "person" within the meaning of Section 1983; and Plaintiff's claims for attorneys' fees and injunctive relief are barred by the Federal Courts Improvement Act of 1996. (Docket No. 12, 13). Plaintiff does not address these arguments in his brief in opposition, but alleges that there can be no immunity for Defendant Walko's "intentional misconduct of the type alleged."[1] (Docket No. 18). Plaintiff reiterates this argument in his Motion for Reconsideration of the Court's Order Granting CYF's Motion to Dismiss. (Docket No. 24).

In the Second Amended Complaint, Plaintiff often uses the singular "Defendant" in setting forth factual allegations. (Docket No. 8 at ¶¶ 9-27). Thus, it is not clear to the Court which of the Defendants (Judge Walko or the Office of Children Youth and Families) is the alleged involved actor or from which Defendant (or Defendants) relief is sought. However, as this is a Motion to Dismiss brought by Defendant Walko, the Court will construe all references to "Defendant" in the singular to refer to Judge Walko for the purposes of this Motion. *Iqbal*, 556 U.S. at 663 (2009); *Budinsky v. Com. of Pa. Dep't of Envtl. Res.,* 819 F.2d 418, 421 (3d Cir. 1987) (Courts should liberally construe the complaint in the plaintiff's favor at the motion to dismiss stage). Even favorably interpreted, it is clear that all the claims are made against the Honorable Donald Walko in the scope of his official capacity as a Judge of the Court of Common Pleas of Allegheny County. Accordingly, all averments in the Complaint relate to Judge Walko's adjudication of Plaintiff's parental rights in the Court of Common Pleas. (Docket No. 8 at ¶¶ 9-27).

---

[1] Plaintiff relies on *Tower v. Glover* for this proposition, but that decision clearly states "[t]he Court has recognized absolute § 1983 immunity…for judges acting within their judicial roles." 467 U.S. 914, 920 (1984).

A suit against a State official in his official capacity is in fact a suit against the State. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  However, the Eleventh Amendment immunity protects non-consenting States from federal suits brought by private parties. *Haybarger v. Lawrence County Adult Probation and Parole*, 551 F.3d 193, 197 (3d Cir. 2008). This immunity holds "unless abrogated by an Act of Congress or waived by the State." *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F. Supp. 2d 672, 694 (W.D. Penn. 2009) (Fischer, J.) (citing *Lombardo v. Penn. Dep't. of Pub. Welfare,* 540 F.3d 190, 195-96 (3rd Cir. 2008)). Plaintiff brought his claims under 42 U.S.C. §1983, which does not remove the immunity, *Quern v. Jordan*, 440 U.S. 332, 345 (1979), and Pennsylvania has not waived immunity for violations under this section. 42 Pa.C.S. §§ 8521-22. Because Pennsylvania retained its Eleventh Amendment immunity, Defendant Walko cannot be sued in his official capacity under §1983. *See Quern*, 440 U.S. at 345, *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 60-71 (1989), *Van Tassel*, 659 F. Supp. 2d at 694.  Moreover, as a suit against a State official in his official capacity is in fact a suit against the State, Judge Walko does not qualify as a "person" for monetary damages under § 1983.[2] *Kentucky*, 473 U.S. at 166; *Will*, 491 U.S. at 60-71.  Thus, the claims against him in his official capacity seeking monetary damages are dismissed, with prejudice.

Defendant Judge Walko also argues that he is entitled to absolute judicial immunity against any claim for monetary damages for actions taken in his judicial capacity. (Docket No. 13 at 4). "A judicial officer in the performance of his duties has absolute immunity from suit and

---

[2] A judicial official is an eligible "person" under §1983 when the plaintiff seeks only prospective relief under the statute, and is not treated as an action against the State. *Haybarger*, 659 F.3d at 696; *see also Hafer v. Melo*, 502 U.S. 21, 22-31 (1991); *Ex parte Young,* 209 U.S. 123,154 (1908) quoting *Smyth v. Ames*, 169 U.S. 466 (1898). "'It is the settled doctrine of this court that a suit against individuals, for the purpose of preventing them, as officers of a state, from enforcing an unconstitutional enactment…is not a suit against the state within the meaning of [the Eleventh] Amendment.'"  Accordingly, the Court discusses the Plaintiff's request for future injunctive relief separately below.

will not be liable for his judicial acts" *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006), "even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Figueroa v. Blackburn,* 208 F.3d 435, 440 (3d Cir. 2000) ("It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'"). A judge's absolute immunity can only be overcome if the alleged action had a nonjudicial nature, or where the judge acted in a "complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) citing *Forrester v. White*, 484 U.S. 219, 227-29 (1988).  A judicial act is determined by examining the "nature of the act itself, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity. 435 U.S. at 362. As already discussed, all of Plaintiff's claims involve actions undertaken while Judge Walko was presiding over the Plaintiff's custody dispute in the Court of Common Pleas of Allegheny County Family Division. (Docket No. 8 at ¶¶ 9-27).  Hence, Defendant Walko was acting in a function normally performed by judges and all of his actions constitute "judicial acts." While Plaintiff claims that Judge Walko's acts were intentional, "[j]udicial immunity cannot be overcome by allegations of bad faith or malice." *Goldhaber v. Higgins,* 576 F. Supp. 2d 694, 703 (W.D. Pa. 2007).  To the extent that Plaintiff may argue that Judge Walko acted without jurisdiction, Judge Walko sits on the Allegheny County Court of Common Pleas, which is a court of general jurisdiction in the Commonwealth.[3] *See* 42 Pa.C.S. § 931(a) ("the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas."). None of Plaintiff's allegations overrides Judge Walko's immunity, which applies even if he "commit[ed] grave procedural errors." (Docket No.

---

[3] When considering the limits of jurisdiction for the purposes of immunity, the jurisdiction must be construed broadly. *Figuera v. Blackburn*, 208 F.3d 435, 443 (3d Cir. 2000).

8); *Stump*, 435 U.S. at 359. Accordingly, Judge Walko enjoys judicial immunity, and Plaintiff's claims seeking monetary relief must be dismissed, with prejudice.

Plaintiff requests the return of his child, which as to Judge Walko would be a request for injunctive relief.[4]  However, such relief is also barred by the Federal Courts Improvement Act (the "FCIA"). *Van Tassel*, 659 F. Supp. 2d at 696.  Section 309(c) of the FCIA amended § 1983 to provide that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." PUB. L. NO. 104-317, § 309(c); 110 Stat. 3847, 3853 (1996); 42 U.S.C. § 1983.  This amendment precludes awarding attorneys' fees as well. *Id.* Since the enactment of the FCIA, courts universally have held that an individual seeking injunctive relief against a judicial officer pertaining to a judicial act must allege that a declaratory decree was violated, or that declaratory relief was unavailable, in order to overcome the judicial immunity established by that statute. *See L.B. v. Town of Chester,* 232 F. Supp. 2d 227, 238 (S.D.N.Y.2002); *Kampfer v. Scullin*, 989 F. Supp. 194, 201-202 (N.D.N.Y. 1997); *see also Steinberg v. Supreme Court of Pennsylvania*, CIV.A. 09-86, 2009 WL 1684663 at *22 (W.D. Pa. June 10, 2009).  Plaintiff's Second Amended Complaint does not allege that a declaratory decree was violated nor that declaratory relief is unavailable. (Docket No. 8). Thus, the claims for the return of Plaintiff's child and attorney's fees made against Judge Walko are dismissed, with prejudice.

Finally, Plaintiff requests the Court declare that Defendant Judge Walko's actions violated Plaintiff's constitutional rights. (Docket No. 8 at 6)  Despite same, asking "that the District Court 'declare' that his constitutional rights were violated…is not declaratory relief in

---

[4]   The only plausible way that the Court could construe this request to apply to Judge Walko (who does not have custody of the child), would be to infer that Plaintiff requests the Court to enjoin Judge Walko's Court Orders limiting Plaintiff's parental rights.

the true legal sense." *Corliss v. O'Brien,* 200 F. App'x 80, 84 (3d Cir. 2006). "Declaratory judgment is inappropriate solely to adjudicate past conduct." *Id.* "Nor is declaratory judgment meant simply to proclaim that one party is liable to another." *Id.* The Third Circuit has held that such faux declaratory actions against judges should be dismissed. *Id.* Accordingly, this claim is likewise dismissed, with prejudice against Judge Walko.

Accordingly, Defendant's Motion to Dismiss Judge Walko [16] is GRANTED, with prejudice.

s/Nora Barry Fischer<br>United States District Judge

Date: August 9, 2013
cc/ecf: All counsel of record.