## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL K. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 13-315 |
| v. | ) | |
| | ) | Judge Nora Barry Fischer |
| OFFICE OF CHILDREN, YOUTH, AND | ) | |
| FAMILIES OF ALLEGHENY COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

**I.    INTRODUCTION**

Presently before the Court is the Motion to Dismiss (Docket No. 30) filed by Defendant Office of Children, Youth, and Families of Allegheny County seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) with respect to all claims asserted in Plaintiff Daniel K. Miller's Third Amended Complaint of August 21, 2013. (Docket No. 29). Plaintiff's claims are asserted under 42 U.S.C. § 1983 (civil action for deprivation of rights), citing violations under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. This Court exercises subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343 (civil rights). For the following reasons, Defendant's motion to dismiss will be GRANTED.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff is the father of a minor child. (Docket No. 29 at 4). On September 17, 2010, the minor child was removed from Plaintiff's custody due to the lack of cleanliness in his home. (*Id.*). On September 20, 2010, a shelter hearing was conducted to determine the placement of the minor child – ultimately, in a foster home. (*Id.*). At that time it was also determined that Plaintiff would be allowed three supervised visits with his child each week. (*Id.*). Defendant provided Plaintiff with a Family Service Plan ("FSP") including requirements that Plaintiff's house be maintained in a clean condition, that Plaintiff and the minor child's mother attend parenting classes, and that Plaintiff otherwise comply with any requests made by Defendant. (*Id.*). Successful completion of the FSP would allow Plaintiff to regain custody of his minor child. (*Id.*). Plaintiff complied with the mandates in the FSP. (*Id.*). He also visited his minor child three times per week, as permitted. (Docket No. 29 at 6).

Plaintiff's home passed a physical inspection on October 1, 2010; however, the results of the inspection were never reported to the court. (Docket No. 29 at 5). On October 18, 2010, a hearing was held without Plaintiff's knowledge; Plaintiff had only been notified by Defendant of a November 18, 2010 hearing. (*Id.*). (The Court was not provided with details as to the nature of the October 18, 2010 proceedings.) On November 1, 2010, Plaintiff began an "In-Service plan" with Holy Family Institute, during which Plaintiff's home was to be inspected three times per week. (*Id.*). This arrangement continued through March 7, 2011. (Docket No. 29 at 5 – 6). Plaintiff's home passed all inspections. (Docket No. 29 at 6).

At a January 10, 2011 hearing, representatives from Holy Family Institute testified that Plaintiff's home was adequately maintained, and that they did not find any issues with Plaintiff's parenting. (Docket No. 29 at 6). Nonetheless, the custody arrangement was continued for an

additional three months, and Plaintiff's home was to be subject to ongoing inspection. (*Id.*). Holy Family Institute considered Plaintiff to have completed its program by March 7, 2011. (*Id.*). A hearing was held that same day, but Plaintiff was not permitted to introduce evidence of his completion of the Holy Family Institute program. (*Id.*). The custody arrangement was then continued for another three months. (*Id.*). Following the March 7, 2011 hearing, Defendant began monthly inspections of Plaintiff's home. (*Id.*). On May 11, 2011, Plaintiff moved into a new residence, which was approved by Defendant. (*Id*).

On June 10, 2011, another hearing was held regarding Plaintiff's custody of his minor child. (Docket No. 29 at 6). At that time, representatives of Defendant recommended that Plaintiff's visitation rights with his minor child be reduced. (Docket No. 29 at 7). Defendant's representative also indicated that it was no longer a goal to return the minor child to Plaintiff's custody, but to seek adoption and terminate Plaintiff's parental rights. (*Id.*). Plaintiff's visitation was decreased to once per month. (*Id.*). Plaintiff continued to visit with his minor child as per the new arrangement. (*Id.*).

On July 21, 2011, Plaintiff advised Defendant that he had completed the FSP. (Docket No. 29 at 7). A representative for Defendant informed Plaintiff that although the cleanliness of his home was no longer an issue, the goal to terminate his parental rights had not changed, and the Family Court would not be informed of the completion of the FSP. (Docket No. 29 at 7 – 8). Defendant's visits to Plaintiff's home continued, and his home passed inspection. (Docket No. 29 at 7). At a December 6, 2011 hearing, the custody arrangement was ordered to be continued for another three months. (Docket No. 29 at 8).

On December 9, 2011, a hearing was conducted without Plaintiff's knowledge, at which point Defendant sought and received the termination of Plaintiff's parental rights. (Docket No.

29 at 8). Plaintiff had not been informed of the hearing. (*Id.*). Plaintiff was not aware of the termination of his rights until December 19, 2011, when he attempted to arrange visitation with his minor child. (*Id.*).

A Complaint was thereafter filed in this court on March 4, 2013. (Docket No. 1). The Complaint was subsequently amended. (Docket Nos. 4, 8, 29). Plaintiff's Third Amended Complaint – presently at issue – was filed on August 21, 2013. (Docket No. 29). A Motion to Dismiss and accompanying Brief in Support were filed by Defendant on September 5, 2013. (Docket Nos. 30, 31). Plaintiff's Response was filed on September 12, 2013. (Docket No. 32). The matter has been fully briefed and is ripe for disposition.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a short and plain statement of a claim, and show that the pleader is entitled to relief. Dismissal of a complaint or portion of a complaint is warranted under Federal Rule of Civil Procedure 12(b)(6) when a claimant fails to sufficiently state a claim upon which relief can be granted. Avoiding dismissal under Rule 12(b)(6) requires a pleading party's complaint to provide "enough factual matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "'nudge his or her claims across the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F. 3d 224, 234 – 35 (3d Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

In assessing the merits of a claim subject to a motion to dismiss, a court must engage in a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 210 – 11 (3d Cir. 2009). First, factual and legal elements of a claim must be distinguished. *Id.* Second, it must be determined whether the facts as alleged support a "plausible claim for relief." *Id.* In making the latter

determination, the court must be mindful that the matter pleaded need not include "detailed factual allegations," *Phillips*, 515 F. 3d at 231 (quoting *Twombly*, 550 U.S. at 555), and the court must construe all alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *Id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d 651, 653 (3d Cir. 2003)). Moreover, a pleading party need only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler*, 578 F. 3d at 213 (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)). A well-pleaded complaint, even when "it strikes a savvy judge that actual proof of . . . facts is improbable," will not be dismissed as long as the pleader demonstrates that his or her claim is plausible. *Phillips*, 515 F. 3d at 234 (quoting *Twombly*, 550 U.S. at 555 – 56).

Nevertheless, the facts provided do need to raise the expectation of relief above a purely speculative level, and must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Phillips*, 515 F. 3d at 231 – 32 (quoting *Twombly*, 550 U.S. at 554 – 56). Rule 8(a)(2) "requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Id.* at 232. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler*, 578 F. 3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

V. **DISCUSSION**

In the present case, Plaintiff argues that Defendant's conduct in the process of taking custody of his minor child, and ultimately terminating his parental rights, deprived him of his procedural and substantive due process rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (Docket Nos. 29 at 9 – 11; 32 at 3 – 5).

Defendant counters that Plaintiff's Third Amended Complaint must be dismissed, because he has failed to adequately state claims for violation of his procedural and substantive due process rights, he has failed to demonstrate that the conduct of Defendant in terminating Plaintiff's parental rights constituted the policy or custom of the Office of Children, Youth, and Families, and that as a sub-unit of Allegheny County, the Office of Children, Youth, and Families is not a proper defendant. (Docket No. 31 at 3 – 5).

It has long been established that parents have a constitutionally protected liberty interest in the custody, care, upbringing, and management of their children. *R.B. v. Westmoreland County*, 2013 WL 2303733 at *3 (3d Cir. May 28, 2013); *Miller v. City of Philadelphia*, 174 F. 3d 368, 373 (3d Cir. 1999); *Croft v. Westmoreland County Children and Youth Services*, 103 F. 3d 1123, 1125 (3d Cir. 1997). However, this interest is not absolute; "the liberty interest in familial integrity is limited by the compelling governmental interest in the protection of children . . . from their own parents." *Croft*, 103 F. 3d at 1125. Instances of "disruption or disintegration" of a family are not necessarily sufficient to constitute a deprivation of protected interests. *Id.* at 1125 – 26. To state a claim under 42 U.S.C. § 1983 demonstrating a violation of a parent's liberty interest, a claimant must show "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived [claimant] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F. Supp. 2d 672, 698 (W.D. Pa. 2009) (quoting *Robb v. City of Philadelphia*, 733 F. 2d 286, 290 – 91 (3d Cir. 1984)).

Further, as it concerns finding § 1983 liability on the part of a municipal government or government agency, *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658 (1978), precludes finding liability solely because a local government "employs a tort-feasor." *Id.* at 659.

To state a claim against a municipal government, a claimant is required to provide evidence of a custom or policy that was the "moving force behind" alleged constitutional violations. *Dicesare v. Office of Children, Youth & Families*, 2012 WL 2872811 at *6 (W.D. Pa. Jul. 12, 2012)[1] (citing *Marran v. Marran*, 376 F. 3d 143, 155 – 56 (3d Cir.2004); *Perry v. Lackawanna County Children & Youth Serv.*, 345 F. App'x 723, 725 (3d Cir.2009)). As discussed below, Plaintiff failed to meet these pleading requirements.

A procedural due process claim under § 1983 for interference with a parent's familial rights not only requires a showing of the loss or deprivation of "life, liberty, or property" under the Fourteenth Amendment, but also requires a showing that the procedures afforded a claimant to address this loss were inadequate to constitute due process. *R.B.*, 2013 WL 2303733 at *3. Procedural due process demands that an individual be provided "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Miller*, 174 F. 3d at 373 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

Here, however, there is no evidence of such a deprivation by Defendant. Plaintiff claims that two hearings were conducted outside his presence and without his knowledge: one on October 18, 2010 and another on December 9, 2011. (Docket No. 29 at 5, 8). As to the October 18, 2010 hearing, Plaintiff's pleadings provide no factual allegations regarding what issues – if any – were discussed at this alleged hearing, or what deprivation of, or impact upon, parental rights resulted from this hearing. (Docket No. 29).

With regards to notice of the termination of his parental rights, records from the Orphan's Court Division of the Court of Common Pleas of Allegheny County clearly show that on

---

[1]     Virginia Ann Dicesare, the plaintiff in *Dicesare v. Office of Children, Youth & Families*, 2012 WL 2872811 at *6 (W.D. Pa. Jul. 12, 2012), is the mother of the minor child at issue in the present case. (Docket No. 31-1 at 3). Her parental rights were also terminated. *Id.* In *Dicesare*, the Honorable Joy Flowers Conti granted the Office of Children, Youth, and Families' Motion to Dismiss a § 1983 claim for arbitrary deprivation of parental rights. *Dicesare*, 2012 WL 2872811 at *3 – 6.

November 9, 2011, Plaintiff was served with copies of a Petition to Involuntarily Terminate Parental Rights, as well as a Notice of Hearing on the matter set for December 6, 2011[2]. (Docket No. 31-1). Plaintiff unequivocally admitted to appearing at a December 6, 2011 hearing. (Docket No. 29 at 8). Moreover, Plaintiff also admitted that "no hearing occurred" on December 9, 2011, and that "Defendant merely entered an Order of Termination" on that date. (Docket No. 29 at 8). Even viewing Plaintiff's allegations in the light most favorable to him as the non-moving party, the court must find that Plaintiff has not pled facts which demonstrate that Defendant deprived him of the ability to be heard at a meaningful time or in a meaningful manner with respect to the suspension and eventual termination of his parental rights; the facts as pled, and the Affidavit of Service, show quite the opposite. Moreover, Plaintiff did not set out facts tending to show a custom or policy of the Office of Children, Youth, and Families to deprive parents of their procedural due process rights when altering or terminating custody. *See Monell*, 436 U.S. at 659. Plaintiff's procedural due process claim, therefore, fails.

With respect to the second claim of Plaintiff's Third Amended Complaint, relevant case law has established that a "cognizable substantive due process claim requires deprivation of a protected interest by executive action 'so ill-conceived or malicious that it shocks the conscience.'" *R.B.*, 2013 WL 2303733 at *3 (quoting *Miller*, 174 F. 2d at 375). While the "exact degree of wrongfulness necessary to reach the 'conscience-shocking' level depends upon the circumstances of a particular case," the conduct of a social worker in removing a child from a

---

[2]     While the Affidavit of Service appended to Defendant's brief in Support of Motion to Dismiss (Docket Nos. 31, 31-1) is material outside of the pleadings, it is appropriate to consider, here. The Affidavit of Service is both a matter of public record, and a document forming part of the basis for Plaintiff's claim. *Brown v. Daniels*, 128 F. App'x 910, 913 (3d Cir. 2005) (citing *Lum v. Bank of America*, 361 F. 3d 217, 222 n. 3 (3d Cir. 2004)); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F. 2d 1192, 1196 – 97 (3d Cir. 1993). Although not explicitly cited by Plaintiff, the claim that Plaintiff was not informed of the potential termination of his parental rights directly challenges the affidavit, an "undisputedly authentic document." *In re Burlington Coat Factory Securities Litigation*, 114 F. 3d 1410, 1426 (3d Cir. 1997); *In re Donald J. Trump Casino Securities Litigation-Taj Mahal Litigation*, 7 F. 3d 357, 368 n. 9 (3d Cir. 1993). Therefore, consideration of the affidavit does not convert the Motion to Dismiss to one for summary judgment.

parent's care should at least reach the level of "gross negligence or arbitrariness," but need not be intentionally harmful. *Miller*, 174 F. 3d at 375 – 76. "Deliberate indifference" is not enough to find the conduct of a social worker shocking. *Id.*

The crux of Plaintiff's substantive due process claim is that Defendants took no affirmative steps towards returning his minor child to his custody following the completion of the FSP – the triggering event which allegedly insured the return of his child. (Docket No. 29 at 9 – 10). Representatives of Defendant informed Plaintiff that in spite of his completion of the FSP, his child would not be returned to him, and Defendant's representatives did not present evidence of completion of the program at any hearings. (*Id.*).

However, by Plaintiff's own admission, Holy Family Institute representatives testified on his behalf at a hearing. (Docket No. 29 at 5 – 6). This testimony notwithstanding, over the course of six hearings between October 6, 2010 and December 6, 2011, the judge and hearing officer assigned to Plaintiff's case were evidently unswayed by Plaintiff's progress – lessening, and eventually terminating, Plaintiff's parental rights. (Docket No. 29 at 4 – 8). While Plaintiff claims that Defendant misinformed the Family Court and hearing officer regarding the completion of the FSP (Docket No. 29 at 7 – 9), *Defendant* did not prevent Plaintiff from presenting his own evidence at the hearings. Further, while Defendant may have acknowledged that the cleanliness of Plaintiff's home environment was no longer a barrier to resuming custody, Plaintiff has not demonstrated that cleanliness of the home was the only issue being considered by Defendant or the Family Court.

In short, Plaintiff fails to plead facts tending to show at least gross negligence or arbitrariness on the part of Defendant. *See Iqbal*, 556 U.S. at 679 (facts which do not permit a court to infer more than the mere possibility of misconduct are not enough to show entitlement to

relief).  In fact, it was the hearing officer and judge who terminated Plaintiff's rights. Additionally, Plaintiff fails to demonstrate a custom or policy of grossly negligent or arbitrary behavior by Defendant in altering and terminating parental rights.  Plaintiff's claim for deprivation of substantive due process rights is, therefore, unavailing.

## VI.    CONCLUSION

Based upon the foregoing, Plaintiff has failed to adequately plead facts which – when viewed in the light most favorable to him – demonstrate a violation of his procedural or substantive due process rights as guaranteed under the Constitution of the United States.  As such, the Court need not reach the issue of whether Defendant Office of Children, Youth, and Families was a party susceptible to suit under 42 U.S.C. § 1983[3].  Accordingly, Defendant's Motion to Dismiss (Docket No. 30) Plaintiff's Third Amended Complaint (Docket No. 29) is granted.  Further, because the facts contained within the pleadings and Affidavit of Service are inconsistent with Plaintiff's allegations of Constitutional violations under § 1983, dismissal is granted with prejudice.  Appropriate Orders follow.

_s/ Nora Barry Fischer_
Nora Barry Fischer
United States District Judge

Dated: October 17, 2013
cc/ecf:  All counsel of record.

---

[3]    Although the issue has not been definitively settled by district courts in the Western District of Pennsylvania (_see Dicesare_, 2012 WL 2872811 at *3 – 4), and the issue need not be reached in the present case, the Court notes that it has historically held that an agency such as the Office of Children, Youth, and Families of Allegheny County is not a distinct entity subject to suit under § 1983.  _See Van Tassel_, 659 F. Supp. 2d at 694 – 95; _Breakwell v. Allegheny County_, 2008 WL 3895698 at *4 (W.D. Pa. Aug. 22, 2008).