IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL K. MIDLLER,           )
                             )
         Plaintiff,          )
                             )
     vs.                     )   Civil Action No. 13-315
                             )   Judge Nora Barry Fischer
OFFICE OF CHILDREN, YOUTH, AND )
FAMILIES OF ALLEGHENY COUNTY, )
                             )
         Defendant.          )

## ORDER

AND NOW this 7th day of November, upon consideration of Plaintiff's Motion to Extend Time, (Docket No. [36]), and Plaintiff's Motion for Reconsideration, (Docket No. [37]),

IT IS HEREBY ORDERED Plaintiff's Motion for Reconsideration [37] is DENIED.

The Third Circuit has held that "[t]he purpose of a motion for reconsideration … is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc.*, 176 F.3d at 677. Plaintiff's claim concerning alleged ineffective assistance of counsel is without merit. *See Ford v. City of Philadelphia*, 335 F. App'x 229, 230 (3d Cir. 2009) (quoting *Walker v. Sun Ship, Inc.*, 684 F.2d 266, 269 (3d Cir.1982) ("There is no right to effective counsel in a civil case, and 'a civil litigant is bound by the action or inaction of his attorney.'"). Therefore, Plaintiff's Motion [37] is denied.

1

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Time [36] is DENIED as moot. This Court construes Plaintiff's Motion for Reconsideration [37] as a Motion to Alter or Amend a Judgment under Federal Rules of Civil Procedure 59(e). Plaintiff has timely filed in this Court his motion to alter or amend the judgment under Rule 59, and therefore, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." *See* Fed. R. App. P. 4(a)(4)(A)(iv). Accordingly, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days from the date of this Memorandum Order to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure. Failure to timely file a notice of appeal will waive the right to appeal.

*/s Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

cc/ecf: All counsel of record.
       Daniel K. Miller
       915 Belleview St.
       McKeesport, PA 15132
       (Regular and Certified Mail)